

VIRGINIA
& AMBINDER LLP
A t t o r n e y s    a t    L a w

40 Broad Street, 7th Floor
New York, NY 10004
Tel. (212) 943-9080
Fax (212) 943-9082

**Allison Herstic, Esq.**
Associate
aherstic@vandallp.com

June 3, 2026

<u>VIA ECF</u>

Hon. Jesse M. Furman, U.S.D.J.
Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

Re:    ***Trustees of the New York City District Council of Carpenters Pension
Fund, et al. v. Commodore Construction Corp., et al.*, 25 CV 8168 (JMF)**

Dear Judge Furman:

This firm represents the Plaintiff Funds (the "Funds" or "Plaintiffs") in the above-referenced action. Pursuant to Rules 2.D and 3.D of Your Honor's Individual Rules and Local Civil Rule 37.2, Plaintiffs respectfully submit this letter motion to request: that the Court intervene to resolve an ongoing discovery dispute and compel Defendants Commodore Construction Corp. and Commodore Maintenance Corp. (collectively, the "Commodore Entities"), Defendant Gerald Michael Boyle ("Boyle"), and Defendant Kin Keung Tam ("Tam") to promptly provide deposition availability and make the relevant witnesses available for examination sufficiently in advance of the June 30, 2026 fact discovery deadline. In the alternative, should Defendants continue to withhold deposition availability, Plaintiffs respectfully request an extension of the fact discovery deadline through and including July 30, 2026. The current deadline for the close of fact discovery is June 30, 2026. *See* ECF <u>Dkt. No. 54</u>. I certify that, prior to filing this request, I have conferred in good faith with counsel for all Defendants and have been unable to resolve this dispute without Court intervention.

Plaintiffs, trustees of a set of multi-employer benefit plans, commenced this action pursuant to ERISA Sections 502(a)(3) and 515, <u>29 U.S.C. §§ 1132(a)(3)</u>, <u>1145</u>, and Section 301 of the LMRA, <u>29 U.S.C. § 185</u>, to recover delinquent employer contributions to a group of employee benefit plans, obtain temporary and preliminary injunctive relief, hold certain individuals liable for breach of fiduciary duty, and secure related relief. On January 30, 2026, Plaintiffs served their First Requests for Production of Documents and First Interrogatories on Defendants. No responses from Defendants were received by the applicable deadlines set forth in Plaintiffs' discovery demands. Following multiple deficiency notices, repeated efforts to meet and confer, and courtesy extensions granted by Plaintiffs, Defendants' discovery responses and document production were

1



substantially delayed. The Court thereafter extended fact discovery through June 30, 2026 to permit completion of outstanding discovery. *See* ECF Dkt. No. 54.

With respect to the Commodore Entities and Boyle, Plaintiffs met and conferred with counsel on May 8, 2026 regarding outstanding discovery deficiencies and granted a further courtesy extension, with agreed deadlines of May 15, 2026 for written responses and May 22, 2026 for complete document production. Although the Commodore Entities and Boyle subsequently served interrogatory responses on May 15, 2026 and made supplemental document production on May 22, 2026, Plaintiffs continue to identify deficiencies in the document production made by the Commodore Entities and Boyle to date.

Further, and as relevant to the instant letter motion, the Commodore Entities and Boyle have failed to provide dates on which depositions may be scheduled and conducted. Following the May 8, 2026 conference, Plaintiffs repeatedly sought deposition scheduling for the Commodore Entities and Boyle. In correspondence following that conference, Plaintiffs requested June deposition availability. Plaintiffs reiterated this request on May 20 and May 22, 2026. On May 26, 2026, Plaintiffs again followed up and proposed five (5) separate dates on which depositions could be scheduled and conducted during June. The parties again met and conferred on May 27, 2026; however, counsel for the Commodore Entities and Boyle did not provide dates on which depositions could be scheduled and conducted. Plaintiffs followed up again by email and voicemail on May 27, May 31, and June 2, 2026. On June 2, 2026, counsel for the Commodore Entities and Boyle responded to Plaintiffs, however, no confirmation of Defendants' availability on the proposed deposition dates was provided, nor were alternative dates proposed. As of the date of this filing, neither the Commodore Entities nor Boyle have provided deposition availability or proposed alternative dates.

With respect to Tam, Plaintiffs met and conferred with counsel on April 6, 2026 concerning deficiencies in Tam's written discovery responses and document production. Plaintiffs thereafter continued to follow up regarding the outstanding supplemental production. Despite those efforts, Tam's supplemental production remains incomplete. Additionally, as relevant to the instant letter motion, on May 20, 2026 Plaintiffs requested deposition availability from Tam's counsel for a June deposition. On May 26, 2026, Plaintiffs again followed up and proposed five (5) separate dates on which Tam's deposition could be scheduled and conducted during June. Plaintiffs reiterated this request by email and voicemail on May 27, May 31, and June 2, 2026. Although Plaintiffs met and conferred with Tam's counsel on June 2, 2026, no deposition availability was provided. Counsel further advised that Tam has not responded to counsel's efforts to communicate regarding his outstanding discovery obligations. Tam's supplemental document production likewise remains incomplete.

Plaintiffs have acted diligently throughout discovery and have made every effort to complete the remaining fact discovery prior to the June 30, 2026 deadline ordered by the Court. However, Plaintiffs cannot meaningfully complete fact discovery absent Defendants' cooperation in scheduling the outstanding depositions. Without Defendants identifying dates on which the outstanding depositions may be scheduled and conducted, Plaintiffs cannot adequately prepare for those depositions, conduct the depositions themselves, or pursue any additional discovery that may be warranted based upon the testimony obtained or Defendants' material document production deficiencies which remain unresolved.

2



VIRGINIA
& AMBINDER LLP
A t t o r n e y s    a t    L a w

Accordingly, Plaintiffs respectfully request that the Court order Defendants to provide deposition dates within 5 days of the Court's Order and make the relevant witnesses available for deposition sufficiently in advance of the close of discovery. In the alternative, Plaintiffs respectfully request that the Court extend the fact discovery deadline through July 30, 2026, to permit completion of the outstanding depositions and resolution of the remaining discovery deficiencies. This is Plaintiffs' second request for an extension of discovery.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____/s/_____
Allison Herstic

Cc: All counsel of record (via ECF)

Per the Case Management Plan and Scheduling Order, Defendants had three business days in which to respond to this letter motion.  As Defendants have not filed any response, the letter motion is GRANTED as unopposed. No later than June 12, 2026, Defendants shall confer with Plaintiffs to find mutually agreeable dates for the depositions at issue to take place during the weeks of June 15th and 22nd.  Failure to comply with the foregoing will result in sanctions.  Defendants are further cautioned to ensure that they comply with all outstanding discovery obligations, as failure to do so will result in sanctions, not further extensions.

The Clerk of Court is directed to terminate ECF No. 55.

SO ORDERED.

June 9, 2026

3